UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No.: 24-cr-10121-ADB |
| v. ) | |
| ) | |
| JAMES ADAMS, a/k/a "JIMMY," ) | |
| ) | |
| Defendant. ) | |

## GOVERNMENT'S DETENTION EXHIBIT LIST

The United States of America, by and through its counsel of record, the United States Attorney for the District of Massachusetts and Assistant United States Attorney John T. Dawley, Jr. hereby opposes the Defendant's, James Adams, (hereinafter the "Defendant" or "Adams") request for release from detention, which was proceeded by a hearing on November 22, 2024 (DE 76).

Under the Bail Reform Act of 1984, detention of a defendant is required if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The government is required to demonstrate, by a preponderance of the evidence, that a defendant poses a risk of flight or, by clear and convincing evidence, that he is a danger to the community. *United States v. Patriarca,* 948 F.2d 789, 792–793 (1st Cir.1991). In considering the government's request to detain the Defendant, the Court must determine whether any condition or combination of conditions will reasonably assure "the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).[1] The government argues that it has sufficiently shown the risk of flight and danger

---

[1] As noted by the Senate Judiciary Committee: "This reference to safety of any other person is intended to cover the situation in which the *safety of a particular identifiable individual, perhaps a victim or witness*, is of concern, while the language referring to the safety of the community refers to the danger that *the defendant might engage in criminal activity to the detriment of the community*." S. Rep. No. 98-147, at 39 (1983) (emphasis added; footnotes omitted); *see also United States v. Patriarca,* 948 F.2d 789, 792–793 (1st Cir.1991).

to the community that the Defendant poses; there are no conditions of the Defendant's release that would ensure the safety of the public. Additionally, here "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community" given the charges in this indictment. 18 U.S.C. § 3142(e)(2).  Further, the government has properly demonstrated in this case that the defendant is "a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror" given his conduct here. 18 U.S.C. § 3142(f)(2)(B).  The government has submitted the following 10 exhibits;

1. A chart of drug weights and other controlled purchase items;

2. Images of co-defendants Loughman, Snow, Steenbruggen, and Adams;

3. Images of two locations, in Wakefield and Byfield, Massachusetts;

4. Evidence from controlled buys;
    a. Still images, photo from 12.7.23 controlled buy
    b. Photos from 1.10.23 controlled buy

5. Adams state arrests for drug trafficking during investigation;
    a. Still image from Adams arrest, Harley bag, 6.5.23
    b. Adams arrest, drug certification, 6.5.23
    c. Still images from Adams arrest, 2 bags, 2.8.24

6. ATF Trace Report, Loughman Lawrence Firearm, 6.11.23;

7. Summary transcripts for Adams jail calls;
    a. Adams jail call, (2.18.24)
    b. Adams jail call, (2.19.24)
    c. Adams jail call, (3.14.24)

8. Adams - recent criminal convictions;
    a. 2422cr0142 (Docket, Report)
    b. 2411cr1350 (Docket, Report)
    c. 2322cr0666 (Docket, Report)
    d. 2338cr0649 (Docket)

9. Adams - additional criminal convictions;
    a. 1622cr0735 (Docket, Report)
    b. 1436cr0960 (Docket, Report)
    c. 0877cr1128 (Superior Docket, District Docket, Report)
    d. 0813cr4546 (Docket)
    e. 08-CF-1920-A (Docket, Florida)
    f. 08-CF-1917-B (Docket, Florida)
    g. 0836cr1266 (Docket)
    h. 0836cr1617 (Docket)
    i. 0736cr3394 (Docket)
    j. 0786cr1891 (Docket, Report)
    k. 0786cr1757 (Docket, Report)

10. Adams - additional criminal dockets, reports & incidents;
    a. 2222cr1217 (Docket, Report)
    b. 2222cr1291 (Docket, Report)
    c. 2186cr0195 (Docket, Report)
    d. 1586cr1587 (Docket, Report)
    e. 1486cr0955 (Docket, Report)

Based on the foregoing, including the reasons that the government articulated during argument during the detention hearing, and supplemented by the government's exhibits submitted for this matter, the United States of America requests that the Court deny the Defendant's Request for Release from Detention and order that Adams be detained pending trial.

                                                          Respectfully submitted,

                                                          JOSHUA S. LEVY
                                                          Acting United States Attorney

By:    */s/ John T. Dawley, Jr.*
         John T. Dawley, Jr.
         Assistant U.S. Attorney

Date: November 22, 2024

## CERTIFICATE OF SERVICE

  I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ John T. Dawley, Jr.*
John T. Dawley, Jr.
Assistant U.S. Attorney

Date: November 22, 2024